Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL



**SEALED BY ORDER OF THE COURT**
United States District Court

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 8 2006

at __9__ o'clock and __55__ min __A__ M
SUE BEITIA, CLERK

U.S.A. vs. CRIS S. VELASQUEZ                               Docket No. CR 02-00029SOM-01

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Additional Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CRIS S. VELASQUEZ who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 30th day of September 2002, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. The defendant is prohibited from possessing any illegal or dangerous weapons.

3. The defendant shall provide the Probation Office access to any requested financial information.

4. The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

On 10/28/2004, the subject appeared before the Court pursuant to an Order to Show Cause Why Supervision Should Not Be Revoked, which had been issued by the Court in response to a Request for Course of Action, filed on 10/15/2004. The Request for Course of Action, filed on 10/15/2004, alleged the following violation: on 9/24/2004 and 9/29/2004, the defendant failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3. The Court found that the subject had violated his conditions of supervised release after the subject admitted to the alleged violation. However, the Court continued the revocation hearing to 11/4/2004 in order to provide the subject with an opportunity to enter a residential treatment program. On 11/4/2004, the Court continued the subject on supervised release, and on 11/5/2004, the following modification to the subject's conditions of supervised release was ordered by the Court:

5. Upon release from custody, the defendant shall spend one night at the Institute for Human Services Men's Shelter (IHS) at 350 Sumner Street in Honolulu. On the day immediately after his release, the defendant shall submit himself to be transported to the Veteran's Administration Homeless Program facility at Barber's Point. On that day, the defendant

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

shall meet his probation officer at IHS at 8:30 a.m. The defendant shall also apply for admission into the dual diagnosis treatment program at Tripler Army Medical Hospital and shall participate in the program until he is clinically discharged. If the defendant discontinues his residence at the Veterans Administration Facility or is discharged from the dual diagnosis program at Tripler Army Medical Hospital for any reason, he shall immediately contact his probation officer.

On 12/20/2005, the subject appeared before the Court pursuant to an Order to Show Cause Why Supervision Should Not Be Revoked, which had been issued by the Court in response to a Request for Course of Action, filed on 11/9/2005. The Request for Course of Action, filed on 11/9/2005, alleged the following violations: (1) on 9/24/2004 and 9/29/2004, the defendant failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3; and (2) on or about 11/6/2005, the subject failed to abide by the terms imposed by the Court with regard to his treatment and residential status, in violation of Special Condition No. 5. At the subject's Court appearance, he made no admissions, and the Court made no findings. However, the Court modified the subject's conditions of supervised release, in response to the allegations detailed in the Request for Course of Action, filed on 11/9/2005. The Court modified the general drug testing condition in order to accommodate the requirements of U.S. v. Stephens. In addition, the Court imposed the following special conditions:

6. The defendant shall remain in custody unless and until he is accepted into the residential dual-diagnosis program at Po'ailani, at which point he shall be released immediately to participate in said program until he is clinically discharged.

7. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Additional Alleged Violation(s) of Supervised Release

The subject has committed the following additional violations of his Supervised Release:

3. On 11/14/2005, the subject admitted to having used an illegal controlled substance, to wit, cocaine, during the weekend of 11/5/2005, in violation of the General Condition and Standard Condition No. 7.

4. On or about 11/2/2006, the subject failed to participate in the residential dual-diagnosis program at Po'ailani until clinically discharged, in violation of Special Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action, filed on 11/9/2005, be amended to reflect the additional alleged violations cited above. In addition, it is recommended that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. It is further recommended that the NO BAIL warrant and this Amended Request for Course of Action be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Prob 12C
(Rev. 3/95 D/HI)

3

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The amendment of the Request for Course of Action, filed on 11/9/2005, to reflect the additional alleged violations cited above, and the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Amended Request for Course of Action to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/6/2006

/s/ Martin Romualdez
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

/s/ Timothy M. Jenkins
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action, filed on 11/9/2005, be amended to reflect the additional alleged violations cited above, and the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Amended Request for Course of Action to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 6th day of November, 2006, and ordered filed and made a part of the records in the above case.

_/s/ Susan Oki Mollway_
SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **VELASQUEZ, Cris S.**
        **Criminal No. CR 02-00029SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

As the Court may recall, on 11/22/2005, the subject appeared before Your Honor pursuant to an Order to Show Cause Why Supervision Should Not Be Revoked, which had been issued by the Court in response to the Request for Course of Action, filed on 11/9/2005. The Court continued the hearing in order to provide the subject with another opportunity to enroll in a residential dual-diagnosis treatment program.

On 12/20/2005, despite some reservations, the Court continued the subject on supervised release and modified the subject's conditions to include his participation in the dual-diagnosis treatment program at Po'ailani, once bed space became available.

On 1/5/2006, the subject was released from federal custody and transported to the residential dual-diagnosis treatment program at Po'ailani by the Federal Public Defender's Office.

**Violation No. 3 - Admission to Having Used a Controlled Substance:** On 11/9/2005, this officer was contacted by the subject's case manager at the Veteran's Administration residential facility at Barber's Point. The case manager reported that the subject was discharged from the facility, as he had tested presumptively positive for cocaine on the weekend of 11/5/2005 and was blatantly disregarding the program rules. The case manager also concluded that the subject's underlying drug addiction was very deeply rooted. The case manager related that the subject left the facility over the weekend and did not take any of his medications with him. This officer was not contacted by the subject either before or immediately after he left the facility.

On 11/14/2005, the subject contacted this officer from Kahi Mohala Behavioral Health Center and admitted that he had used cocaine prior to his discharge from the Barber's Point facility. He also informed this officer that he had attempted to commit suicide, but added that he was now interested in entering a clean and sober environment in order to pursue treatment. Shortly thereafter, the subject was arrested by the United States Marshals Service.

**Violation No. 4 - Failure to Participate in Dual-Diagnosis Treatment Program at Po'ailani Until Clinically Discharged:** On 1/5/2006, the subject commenced his participation in the residential dual-diagnosis treatment program at Po'ailani. On 1/13/2006, 3/7/2006, 3/28/2006, 6/7/2006, 6/8/2006, and 7/10/2006, this officer received updated reports from the staff of Po'ailani regarding the subject's progress in treatment. All of the reports were positive, and during this period the subject's treatment sessions were gradually reduced from eight (8) to five (5), and from five (5) to three (3) sessions each week.

Re:    **VELASQUEZ, Cris S.**
        **Criminal No. CR 02-00029SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 2**

On 8/13/2006, this officer conducted an unannounced inspection of the subject's residential unit in Po'ailani. During the inspection, the subject reported that emergency medical services had been called by Po'ailani staff on his behalf, as he had exhibited some adverse reaction to the medications he was taking for treatment of a medical condition. This information was verified by Po'ailani staff, who indicated that the medications were making the subject "sluggish" and unresponsive to the staff's inquires and prompts.

On 8/22/2006, this officer was informed by Po'ailani staff that the subject had been caught with unreported prescription medication and was refusing to allow staff members to consult with the prescribing physician. It should be noted that there was no indication that the prescriptions were not valid; however, Po'ailani residents are required to keep the staff informed of all of their medications and are likewise required to provide Po'ailani staff access to any treating physician, for consultation and verification purposes. In addition, it was related by the staff that after the subject was confronted about the unreported prescription medication, he exhibited defensive and defiant behavior. At one point, the subject pulled out a pocket-knife and extended its folded blade. Although the staff indicated that the subject did not make any threatening gestures or motions but simply stared at the blade, the pocket-knife was eventually confiscated.

On 8/23/2006, this officer personally met with the subject and discussed the recent incident as well as his refusal to sign a waiver for the staff. Although the subject was initially distant and uncooperative, this officer eventually convinced the subject to sign a waiver for the Po'ailani staff, allowing them to contact the prescribing physician. On 8/24/2006, the subject executed a Behavioral Contract with Po'ailani, in which he agreed to abide by all house rules and to follow the directions of the Po'ailani staff. It was made clear that any further incidents could result in the subject's termination and discharge from the program.

On 8/25/2006, this officer contacted the Federal Public Defender's Office and invited their involvement in ensuring that the subject continued to comply with the rules and requirements of Po'ailani. This officer explained that the subject had entered into a Behavioral Contract with Po'ailani and that any subsequent violation might result in the subject's expulsion from the program. On 8/30/2006, this officer discussed the subject's case with his attorney, who confirmed that he had spoken to the subject.

Re:     **VELASQUEZ, Cris S.**
        **Criminal No. CR 02-00029SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**


On 9/6/2006, the subject was temporarily discharged from the dual-diagnosis treatment program at Po'ailani. However, it was made clear that the subject's discharge was the result of a clinical determination that the subject was unable to comply with all of the program's treatment requirements while undergoing the prescribed treatment for a serious medical condition. This officer was also assured that the subject could retain his residential status in Po'ailani and could reapply for reentry into the dual-diagnosis treatment program, once the subject completed his medical treatment regime.

On 11/2/2006, this officer was informed that the subject was being non-clinically discharged and evicted from Po'ailani, effective on 11/17/2006. The stated reasons for the discharge and consequent eviction were the subject's prolonged non-payment of rent, his repeated non-compliance with house rules, his unauthorized possession of the controlled substance vicodin, and his refusal to provide a waiver to Po'ailani in order to allow them to speak with the dentist who allegedly prescribed the vicodin. It should be noted that the subject has reported a monthly income of $675 (Social Security Disability Income) and $172 (Veteran's Administration benefit), for an aggregate monthly income of $847. The monthly rent at Po'ailani is $350.

The subject's failure to succeed for a second time in a residential treatment environment demonstrates that such treatment, though clinically appropriate, is not feasible for this particular offender. His impending eviction, when coupled with his troubled history outside the boundaries of treatment, raises serious concerns. In addition, the nature of his mental health issues, which include diagnoses of Schizoaffective Disorder, Anxiety Disorder and Poly-Substance Abuse, and his past criminal behavior, which includes prior convictions for Sex Assault in the Fourth Degree and Resisting Arrest and Bank Robbery, indicate that the subject will pose an unacceptable risk if he is allowed to be discharged into the community.

Re:  **VELASQUEZ, Cris S.**
     **Criminal No. CR 02-00029SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

Based on the above, this officer has no other alternative but to seek revocation. It is therefore respectfully recommended that a No Bail warrant be issued for the subject's appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

*/s/ Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re:  **VELASQUEZ, Cris S.**
     **Criminal No. CR 02-00029SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

> That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.